UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARK BURROW,

    Plaintiff,

v.                                           Case No. 5:10-cv-144-Oc-30TGW

GOVERNOR RICK SCOTT, et al.,

    Defendants.
_____/

## **ORDER**

This matter is before the Court on Plaintiff's Motion for a Preliminary Injunction (Doc. 43), in which Plaintiff requests the Court to enjoin the Defendants from transferring him away from Sumter Correctional Institution. In order for a preliminary injunction to issue in this Court, the moving party must demonstrate:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued; the injunction would not be adverse to the public interest.[1]

Furthermore, "[b]ecause a preliminary injunction is 'an extraordinary and drastic remedy,' its grant is the exception rather than the rule, and Plaintiff must clearly carry the burden of persuasion."[2] In addition, the Plaintiff must comply with the Local Rules of the United States

---

[1] Four Seasons Hotels and Resorts, B.V., v. Consorcio Barr, 320 F.3d 1205, 1210 (11th Cir. 2003) (citations omitted).

[2] United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983) (*quoting* State of Texas v. Seatrain International, S.A., 518 F.2d 175, 179 (5th Cir. 1975)); see also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (a preliminary injunction shall not be granted unless the movant clearly establishes the burden of persuasion).

District Court for the Middle District of Florida 4.05 and/or 4.06, and Rule 65 of the Federal Rules of Civil Procedure in drafting his motion. These rules govern the Court's decision as to whether an injunction shall issue.

In this instance, Plaintiff has not complied with the applicable rules nor convinced the Court that there is a substantial likelihood that he will prevail on the merits. Plaintiff has not convinced the Court that irreparable injury will be suffered unless the injunction issues. Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 43) is **DENIED.**

**DONE** and **ORDERED** in Tampa, Florida on June 20, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record