UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MARK BURROW,

    Plaintiff,

v.                                         CASE NO:  5:10-CV-144-Oc-30TBS

ROGER McDANIEL, employee at the
Bureau of Facilities Services, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon the Amended Complaint (Dkt. #15) of Mark Burrow seeking injunctive and declaratory relief under 42 U.S.C. § 1983, the Defendants' Motion to Dismiss (Dkt. #41), and Burrow's Response (Dkt. #47).  In his seven count Amended Civil Rights Complaint, Burrow, a prisoner in the Florida prison system, complains that his constitutional rights are being violated due to prison overcrowding and challenges the constitutionality of certain Florida statutes.  He seeks injunctive and declaratory relief.

Defendants' Motion, which covers most, but not all, of the named Defendants, seeks to dismiss the Amended Complaint under the three strikes provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendants attach to their Motion copies of the opinions in three cases which they contend constitute the three strikes necessary to dismiss the case. Burrow argues that the cases do not constitute three strikes because none of them were dismissed for failing to state a claim upon which relief may be granted and, one is an appeal of one of the two other cases and that case should not count twice.

By the clear terms of the statute, a "strike" may be either an original action in a federal district court or a federal appeal. The issue is whether a court terminated the case for being frivolous, malicious, or failing to state a claim upon relief could be granted. The three cases relied upon by Defendants meet that definition.

First, when Plaintiff was incarcerated in Tennessee, he filed *Mark S. Burrow v. Ricky Bell*, case number 3:95cv00209, in federal court. This was a civil rights case relating to the conditions of Burrow's imprisonment. The case was dismissed as frivolous.

Second, Burrow, while a prisoner in the Florida prison system, filed a Complaint against Collier County and several individual jail officials complaining of prison conditions in *Burrow v. Leocadio*, case number 2:02-cv-453-FtM-16 in the federal court of the Middle District of Florida. That case was dismissed on two grounds: (1) that Burrow failed to demonstrate exhaustion of administrative remedies, and (2) the complaint failed to state facts sufficient to show a violation of the Eighth Amendment of the Constitution. The failure to adequately set forth a constitutional violation is the same as failing to "state a claim upon which relief may be granted."

Third, Burrow appealed the dismissal of his case against Leocadio and the dismissal was affirmed by the Eleventh Circuit. *Burrow v. Leocadio*, 124 Fed. Appx., 641 (11th Cir. 2004) (table). The text of the Eleventh Circuit opinion, which is unpublished, is attached to Defendants' Motion to Dismiss as Exhibit B. The Eleventh Circuit held that one claim raised by Burrow had been properly exhausted, but affirmed the dismissal because it agreed that Burrow had not stated facts that rose to the level of an Eighth Amendment violation. The Eleventh Circuit stated:

> However, as the Defendants correctly argue, the district court alternatively dismissed for failure to state a claim as allowed by section 1997e(c)(2), which states that '[i]n the event that a claim . . . fails to state a claim upon which relief may be granted, . . . the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.' Burrow does not challenge the district court's alternative finding on the merits. Accordingly the district court did not error in dismissing with prejudice.

Eleventh Circuit case number 03-16516, pp. 7-8.

To avoid the three strikes bar of the PLRA, a prisoner must assert facts demonstrating "imminent danger of serious physical injury." Burrow's Amended Complaint does not assert such facts. It asserts that Sumter Correctional Institution (where Burrow is presently confined) is overcrowded, housing 1,600 individuals when designed to hold 1,200. He alleges the beds are too close together, the urinals and toilets are insufficient to meet the needs of the inmates, and the crowded conditions contribute to illness and violence. Since he does not claim that he is presently in imminent danger of serious physical injury, the Amended Complaint does not survive the three strikes bar. *See Martin v. Shelton*, 319 F.3d 1048 (8th Cir. 2003).

Defendants also ask for sanctions because Burrow did not truthfully list all prior litigation when he filed his Complaint. Had the three cases been properly disclosed, the case would have been dismissed before the expense of service of process was incurred. As a sanction, Burrow shall pay the cost of service incurred in this case before filing a new action on the facts asserted by him in this action. He caused the United States Marshals Office to serve fifteen (15) defendants. He is assessed $50.00 per service for a total sanction of $750.00.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss (Dkt. #41) is GRANTED.

2. The Amended Complaint (Dkt. #15) is DISMISSED without prejudice to the refiling of the lawsuit upon payment of the full filing fee AND the $750.00 sanction at the time of filing. For any named Defendant, Burrow must also pay the appropriate cost to have the Defendant served.

3. The Order (Dkt. #6) of May 18, 2010, directing a lien be placed on Burrow's account for the amount of the remaining filing fee is hereby VACATED.

4. The Clerk is directed to terminate any pending motions and close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 13, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*F:\Docs\2010\10-cv-144.Ocala Burrow.wpd*